UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARVIN TRIMBLE, SID # 248582, § § **Plaintiff** § § v. § § SHERIFF AMADEO ORTIZ, § MEDICAL DIRECTOR § DR. F/N/U RAMIREZ, and § PHYSICIAN'S ASSISTANT § F/N/U ADAMS, § § **Defendants** § | Civil Action No. SA-11-CA-6-XR (NN) |

# SHOW CAUSE ORDER

Plaintiff Marvin Trimble's 42 U.S.C. § 1983 Civil Rights Complaint alleges he has been a prisoner in the custody of the Bexar County Adult Detention Center (BCADC) since July 14, 2010 and the BCADC medical staff failed to furnish him "necessary lifesaving medical treatment." He sues BCADC Medical Director Dr. Ramirez and Physician's Assistant Adams for "medical malpractice and negligence" and seeks $ 1,500,000 damages.

Title 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A(b)(1) require this Court to screen a prisoner's in forma pauperis (IFP) complaint and dismiss the complaint if the court determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). To state a claim pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," i.e. the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A conclusory complaint, one that fails to state material facts, may be dismissed as frivolous, *see e.g. Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992), *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir.), *cert. denied*, 488 U.S. 985 (1988), or for failure to state a claim, *see Rios v. City of Del Rio*, 444 F. 3d 417, 426 (5th Cir.), *cert. denied*, 549 U.S. 825 (2006).

*Plaintiff's § 1983 Complaint is frivolous and fails to state a claim, and therefore is subject to dismissal, for the following reasons:*

1. Plaintiff's Complaint is conclusory and fails to allege a civil rights claim for denial of medical attention. For a prisoner to state a civil rights claim for the denial of medical attention, the prisoner must allege the prison authorities were deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1978). Negligence is not a basis for a civil rights action under § 1983, *see Daniels v. Williams*, 474 U.S. 327, 329-336, 106 S. Ct. 662, 88 L. Ed.2d 662 (1986), and "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," *Estelle v. Gamble*, 429 U.S. at 106. Disagreement with a health care provider's diagnosis or course of treatment is not a basis for a civil rights action. *Wesson v. Oglesby*, 910 F. 2d 278, 283 (5th Cir. 1990). Plaintiff fails to allege *any facts* in support of his claim, i.e. he fails to allege what "necessary lifesaving medical treatment" he requires, what his basis is for concluding he needs such treatment, and fails to allege what he expects BCADC to do for him. Furthermore, Plaintiff acknowledges he was seen by the medical staff and his disagreement with the BCADC medical staffs' evaluation or diagnosis even if negligent is not a basis for a civil rights claim.

2. Article III of the Constitution requires that to proceed in federal court a complaint must allege an injury, *see O'Shea v. Littleton*, 414 U.S. 488, 493-95, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974), that is more than de minimis or trivial, *see Glenn v. City of Tyler*, 242 F. 3d 307, 314 (5th Cir. 2001). Plaintiff's Complaint fails to allege how he has been harmed or injured by the alleged lack of medical attention.

3. In a § 1983 civil rights action, a plaintiff must allege the defendant was personally involved in the actions he complains of, or is responsible for the policy or custom giving rise to the constitutional deprivation. *See McConney v. City of Houston*, 863 F. 2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F. 2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F. 2d 610, 615 (5th Cir. 1981). Trimble fails to allege Sheriff Ortiz was personally involved in the matters he complains of and his failure to investigate his claim or resolve his grievances to his satisfaction is not a basis for a civil rights claim. *See Geiger v. Jowers*, 404 F. 3d 371, 374 (5th Cir. 2005).

4. To establish liability on the part of a county or municipality, a plaintiff must demonstrate a policy or custom which caused the alleged constitutional deprivation. *See Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A single incident is inadequate to impose liability on a municipality or county unless the incident was caused by an unconstitutional policy. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985). Trimble's Complaint fails to allege the requisite custom, practice, or policy as a basis for liability against Bexar County.

5. Qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Determination of qualified immunity claims require a court to

examine: whether the facts a plaintiff alleges or has shown make out a constitutional violation; and whether the constitutional right allegedly violated was "clearly established" at the time the events in question occurred. *Pearson v. Callahan*, ___ U.S. ___, 129 S. Ct. 808, 815-16, 172 L. Ed. 2d 565 (2009). Where a plaintiff fails to show the violation of a constitutional right or the right was "clearly established" at the time, the public official is protected by qualified immunity. *Id.* at 820-23. The Defendants in their individual capacities are entitled to invoke qualified immunity and Trimble failed to allege *particular facts* sufficient to show Defendants are not entitled to qualified immunity.

Before dismissal Plaintiff is entitled to amend his Complaint or explain why the Complaint should not be dismissed. *See Neitzke v. Williams*, 490 U.S. at 329. **Therefore, within twenty-one (21) days Plaintiff shall show cause why his Complaint should not be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A(b)(1)-(2) as frivolous, for failure to state a claim, or because Plaintiff seeks monetary relief from immune defendants by filing an amended complaint (of no more than ten pages) curing these deficiencies.** If Plaintiff fails to respond to this Order, this action will also be dismissed for failure to prosecute and failure to comply with this Order. *See* Fed. R. Civ. P. 41(b). Alternatively, Plaintiff may request voluntary dismissal of this case pursuant to Fed. R. Civ. P. 41(a). *This Court will defer ruling on Plaintiff's in forma pauperis motion and assessing the initial partial filing fee until the time to respond to this Order has expired, and will not assess the filing fee if Plaintiff chooses not to proceed with this case.*

**SIGNED** on January 7, 2011.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE